# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00660-CR

**Christian Lozano, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 403RD DISTRICT COURT OF TRAVIS COUNTY,
### NO. D-1-DC-23-904023, BRANDY MUELLER, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Christian Lozano was deemed indigent and appointed counsel prior to trial. *See* Tex. Code Crim. Proc. art. 26.04(a), (p); *see also* Tex. R. App. P. 20.1(b)(1) (explaining that indigency determination in trial court generally carries forward on appeal). However, Lozano subsequently moved to substitute his appointed counsel with a retained counsel, and the retained counsel represented Lozano throughout the trial and filed a notice of appeal on Lozano's behalf. After the notice of appeal was filed, the clerk of this Court sent Lozano's counsel notice that the reporter's record was overdue. In response, Lozano's counsel filed a motion seeking an extension of time to file the reporter's record. In the motion, counsel explains that it will be necessary to have new appellate counsel appointed because Lozano is indigent and cannot afford to pay counsel for any additional legal work or for the preparation of the reporter's record. Further, counsel relates that Lozano wishes to have new appellate counsel appointed to represent him in this appeal.

In criminal proceedings, an indigent defendant is entitled to have an attorney appointed to represent him on appeal. Tex. Code Crim. Proc. art. 1.051(d)(1). Additionally, an indigent defendant is entitled to a free record on appeal. *See* Tex. R. App. P. 20.2. And it is the trial court that must determine whether Lozano is indigent. *See* Tex. Code Crim. Proc. art. 26.04(b); Tex. R. App. P. 20.2. Accordingly, under these circumstances, we abate the appeal and remand the cause to the trial court to determine whether Lozano is indigent and, if so, whether he desires to have appellate counsel appointed to represent him in this matter. *See* Tex. R. App. P. 37.3(a)(2). If Lozano wishes to have counsel appointed and is indigent, the trial court should make appropriate orders to ensure that he is adequately represented on appeal. *See Mediano v. State*, No. 03-16-00211-CR, 2016 WL 6576873, at *1 (Tex. App.—Austin Nov. 4, 2016, order) (mem. op., not designated for publication) (abating and remanding case where trial court initially determined defendant was indigent and appointed him counsel before defendant retained counsel and where retained counsel later requested to withdraw as counsel on appeal). After making these determinations and orders, the trial court should order the appropriate supplementary clerk's record and reporter's record (if any) to be prepared and forwarded to this Court no later than January 16, 2024.

It is ordered on December 19, 2023.

Before Justices Baker, Triana, and Smith

Abated and Remanded

Filed: December 19, 2023

Do Not Publish